IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-12-MJ-04 |
| § | |
| HUEY JOSEPH HEBERT, III § | |

## ORDER OF DETENTION

On February 7, 2012, this Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government had moved for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(E). The Government offered the testimony of Trent Broussard, an Agent with the Drug Enforcement Agency (D.E.A.); the Defendant offered no evidence. The Court also made the Pretrial Services report, which recommended detention a part of the record. Having now considered all of the evidence the Court **FINDS** that there is probable cause to believe that Defendant, **Huey Joseph Hebert, III,** has committed the felony offense of possession with intent to deliver methamphetamine.

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), that the following facts are established by clear and convincing evidence and require the detention of **Hebert** in this case:

1. That pursuant to the complaint, there is probable cause to believe that **Hebert** has committed a drug offense with a maximum penalty of ten years or more confinement as prescribed by 21 U.S.C. §§ 841(a) and (b);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Hebert's** detention, 18 U.S.C. § 3142(e);

3. That the strength of the Government's case is substantial given the actual surveillance of **Hebert** delivering packages of marijuana to the courier who was later arrested in possession of that marijuana and approximately one pound of methamphetamine, the telephonic interception of **Hebert**'s call to the courier during his transportation of the drugs to check up on the courier's progress and whereabouts, **Hebert**'s explicit reference to "crank" during that phone call, and **Hebert**'s long history of continued drug trafficking;

4. That since 1995, and prior to the current alleged offense, **Hebert** has been convicted of three misdemeanor drug charges and one felony drug charge, has twice had his probation status revoked, and has served three separate drug related sentences, including a two year term of imprisonment;

5. That **Hebert**'s prior convictions and sentences for drug related offenses fairly predict a continuation of such activities if he were to be released, United States V. Salerno, 481 U.S. 739 (1987);

6. That based upon the foregoing findings, **Hebert** would constitute a danger to the community of released;

7. That **Hebert** has not rebutted the presumption of danger established by 18 U.S.C. § 3142(e); and

8. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Hebert** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Huey Joseph Hebert, III,** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **Huey Joseph Hebert, III, SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Huey Joseph Hebert, III,** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this ____8th____ day of February, 2012.

John R. Froeschner
United States Magistrate Judge