United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES IF AMERICA, | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-12-121–1 |
| | § | CIVIL ACTION NO. H-26-8444 |
| HUEY JOSEPH HEBERT, III | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Huey Joseph Hebert, III's Motion to Vacate, Correct, or Set Aside Sentence. Having carefully considered the motion and the entire record, the Court is of the opinion that the motion should be denied.

## I. Background

Hebert pleaded guilty to three narcotics-related offenses. On December 20, 2013, this Court sentenced him to a term of 360 months imprisonment (Docket Entry No. 448) .

Hebert filed a Motion to Vacate, Correct, or Seat Aside the Sentence, which this Court denied on August 21, 2015 (Docket Entry No. 537). Hebert appealed that decision, and the Fifth Circuit dismissed the appeal on July 12, 2016. United States v. Hebert, No. 15-20479 (5th Cir. Aug. 21, 2015).

On April 17, 2026, Hebert filed a motion for a reduction of his sentence based on a change to the United States Sentencing Guidelines. On May 22, 2026, this Court amended its original judgment and reduced Hebert's sentence by 36 months (Docket Entry No. 622).

On September 24, 2026, Hebert filed another Motion to Vacate, Correct, or Set Aside Sentence. This motion argues that he received ineffective assistance of counsel at his original sentencing in 2013.

## II. Analysis

Section 2255(f) of title 28 of the United States Code requires, relevant to this motion, that a Motion to Vacate, Set Aside, or Correct Sentence be filed within one year of the challenged judgment becoming final. Hebert's judgment became final on February 18, 2014, when the time for him to appeal the judgment expired. Therefore, his Motion to Vacate, Correct, or Set Aside Sentence was due by February 18, 2015. His current motion, filed on September 24, 2026, comes more than 11 years after the limitations period expired.

## III. Certificate of Appealability

Hebert has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings. See Alexander v. Johnson, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued."). A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1988); see also Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court has carefully considered the motion and concludes that jurists of reason would not find it debatable that Hebert's motion is time-barred. Therefore, Hebert has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, Huey Joseph Hebert, III's Motion to Vacate, Correct, or Set Aside Sentence (Docket Entry No. 624) is **DENIED**. No Certificate of Appealability shall issue in this case.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 30th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE